## Mondelli v. Bucks County.

*Eminent domain—Condemnation—Assessment of damages—Exceptions to report of jury—Act of June 23, 1911.*

The report of a jury of view should find, *inter alia*, that the claimant is the owner of a property and when he became such; that his property is affected in a particular way; that is, by the taking of his land, if it is taken, and how much is taken; if his land is not taken, but the grade is changed, to what extent it is changed; if interest is allowed, from what date and upon what amount; whether benefits are considered, and, if so, to what extent. The report should also have a plan attached.

Act of June 23, 1911, § 9, P. L. 1123, considered.

Exceptions to the report of the jury of view. Q. S. Bucks Co.

*Boyer & Vanartsdalen,* for exceptants; *John L. Du Bois,* contra.

RYAN, P. J., June 21, 1926.—Fourteen exceptions have been filed to this report of viewers, setting forth various particulars in which it fails to comply with the provisions of the Act of June 23, 1911, § 9, P. L. 1123. The act provides as follows: "It shall be the duty of the board of view appointed in each case to prepare and file in the proper court a report which shall set forth, in brief and concise paragraphic forms, all findings of fact and conclusions of law, a statement of the amount of damages or benefits assessed, and attach to the report a plan showing the properties affected." The first exception complains of the failure to attach a plan, and must be sustained. Exceptions 2 to 10, inclusive, complain of the failure to find certain material facts. Exceptions 11 to 14 complain of the failure of the report to include certain conclusions of law. All the exceptions must be sustained. The report should find, *inter alia,* that the claimant is the owner of the property and when he became such; that his property is affected in a particular way; that is, by the taking of his land, if it is taken, and how much is taken; if his land is not taken, but the grade is changed, to what extent it is changed; if interest is allowed, from what date and upon what amount; whether benefits were considered, and, if so, to what extent. We are asked by the exceptant to refer the whole matter to new viewers, but we shall not do so. The proper practice is to refer the report back to the same viewers for amendment in accordance with the court's opinion: In re Braddock Avenue, 63 Pitts. L. J. 64; In re Petition for Viewers, 66 Pitts. L. J. 769.

And now, to wit, June 21, 1926, it is ordered that the said report be referred back to the said viewers with direction to amend it in conformity with the foregoing opinion, and file such supplemental report within thirty days.